## T. J. Henderson v. E. H. Still.

Ejectment. *Homestead exemption. Waiver.*

A party entitled to a homestead exemption, and who has failed to assert it in a chancery proceeding in which his rights are fully adjudicated, and the land ordered to be sold in general term, cannot afterward claim the exemption so as to defeat a purchaser claiming under the decree of the chancery court who has brought ejectment to recover possession of the land.

Appeal from the Circuit Court of Wilkinson County.

Hon. J. B. Chrisman, Judge.

Appellant brought an action of ejectment against the appellee in the Circuit Court of Wilkinson County to recover possession of certain lands situated in said county. Appellant claims title through successive conveyances, emanating from a decree of the Chancery Court of Wilkinson County, rendered on the 24th of October, 1876, in a suit in which N. Leopold & Co. were complainants, and the appellee was one of the defendants. In the chancery proceeding which was to subject this land to the payment of a claim of complainant, the rights of the appellee seem to have been fully adjudicated, and the land was ordered to be sold without any reference to the right in appellee to homestead exemption. It appears that in the chancery suit she claimed none. The deed under which appellant claims embraces the lands sold under this decree. On the trial of the ejectment suit appellee was permitted to assert her claim to homestead exemption, the court instructing the jury that the chancery sale did not divest appellee E. H. Still of her right to this exemption, and that the purchaser under the decree through whom appellant claims took the land subject to right of homestead exemption. Judgment was rendered for the appellee in the court below, from which an appeal is taken, and the giving of the above instructions assigned for error.

*D. C. Bramlett,* for the appellant.

The appellee having failed and neglected to interpose her claim to the homestead exemption in the chancery suit of Leopold & Co. against her, cannot in this suit set up such a claim. It was error in the court below to admit the testimony of the witness Brown, tend-

Commencement of the syllabus.

ing to establish appellee's right to the land as a homestead exemption. Upon this point I submit that the case of *Miller* v. *Sherry,* 2 Wall. (U. S.) 237, is conclusive.

*C. P. Neilson,* for the appellee.

1. The appellee was not estopped from claiming her homestead exemption by her failure to claim it in the chancery proceeding. To sustain the converse of this proposition appellant relies on the case of *Miller* v. *Sherry.* The two cases are not at all parallel. The case of *Sears et al.* v. *Hanks,* 14 Ohio 298, is directly in point; see further 40 Miss. 54; 50 Miss. 720; 52 Miss. 784.

2. Mrs. Still was entitled to the homestead under the evidence. She was a citizen of the State, a householder, and had a family. 32 Am. Rep. 27.

3. Being entitled to a homestead exemption, we insist that on the case as presented by the whole record she was entitled to a verdict.

CAMPBELL, C. J., delivered the opinion of the court.

The appellee lost her right to claim homestead exemption by not asserting it in the chancery suit. *Miller* v. *Sherry,* 2 Wall. 237.

*Judgment reversed and cause remanded for a new trial.*