FEDERAL RESERVE BANK OF ST. LOUIS *v.* WALL.*

(Division A.    Dec. 1, 1924.)

[103 So. 5.    No. 24336.]

1. HUSBAND AND WIFE. *Presumed living together, in absence of contrary evidence.*

   In the absence of evidence to the contrary husband and wife will be presumed to be living together.

2. JUDGMENT. *Jurisdictional facts conclusively presumed regardless of record recitals, where judgment collaterally attacked.*

   Where a judgment of a court of general jurisdiction is attacked collaterally, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there are recitals in the record to show them or not.

3. HUSBAND AND WIFE. *Presumptions as to separate ownership of personal property on premises occupied by husband and wife living together stated.*

Where the husband and wife are living together, the husband is presumed *prima facie* to be the owner of personal property on the premises occupied by them, except as to articles specially fitted for and adapted to the wife's personal use, and used by her; the presumption as to such articles being that they are the property of the wife.

*Headnotes 1. Husband and Wife, 30 C. J., Section 779; 2. Judgments, 34 C. J., Section 841; 3. Husband and Wife, 30 C. J., Section 495.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, Judge.

Proceedings by the Federal Reserve Bank of St. Louis against R. W. Wall. From the judgment rendered, the former appeals. Reversed and remanded.

*Shands, Elmore & Causey,* for appellant.

I. The fundamental question involved in this case is the question, did the court err in excluding the judgment rendered in favor of the appellant against W. F. Wall? If the ruling of the court is correct on this proposition then the appellant necessarily failed to sustain its case.

We submit that this is a collateral attack upon this judgment, because there was no averment nor pleading filed in the lower court, which in any way attacked the judgment. Let us consider what is meant by a collateral and direct attack on a judgment. *McKinney* v. *Adams,* 95 Miss. 832, 50 So. 474; *Burke* v. *Institute Saving's & Loan Asso.,* 25 Mont. 315, 64 Pac. 881, 87 Am. St. Rep. 416.

In the instant case the judgment shows personal service of process on W. F. Wall. But the argument is made that the writ introduced on the trial fails to show that a copy was served on W. F. Wall. The return of the

sheriff does not show that no service was had on W. F. Wall. The return is silent as to such service.

If we consider the attack in this case to be a direct attack on the judgment, there is not sufficient proof to show that no service was had on W. F. Wall. We have on one hand a solemn finding by the court that personal service was had on W. F. Wall. The court should not treat such finding lightly. On the other hand we have no evidence that the officer failed to serve the writ on Mr. Wall. The officer does not say by his return that he did not serve Mr. Wall. To say that Mr. Wall was not served, we must presume that by the silence of the officer he has failed to do his duty. In the absence of positive testimony to the contrary, we must presume that the officer did his duty.

In the case at bar the only issue made up by the parties, was an issue to determine the ownership of the property at the time of the levy. The judgment against Mr. Wall was in no way questioned by the pleadings. *Cotton* v. *Harlon,* 87 So. 152; *Cocks* v. *Simmons,* 57 Miss. 183 at 195.

When a collateral attack is made on a judgment the record itself must show affirmatively that the jurisdictional facts do not exist. All jurisdictional facts are conclusively presumed to have existed on a collateral attack, whether there are recitals in the record to show them or not. Cooley's Constitutional Limitations, 406; *Ames* v. *Williams,* 72 Miss. 760, 17 So. 762; *Gillespie* v. *Hauenstein,* 72 Miss. 838, 18 So. 602; *Vicksburg Gro. Co.* v. *Brennan,* 20 So. 845; *Allen* v. *Dickens,* 63 Miss. 91; *Kelly* v. *Harrison,* 69 Miss. 856, 12 So. 261; *Sweatman* v. *Dean,* 38 So. 231; *Pollat* v. *Buie,* 43 Miss. 151; *White* v. *Simpson,* 27 So. 297; *McWilliams* v. *Norfleet,* 60 Miss. 987; *Martin* v. *Miller,* 103 So. 754, 60 So. 772; *Duncan* v. *McNeil,* 31 Miss. 704; *Cannon* v. *Cooper,* 39 Miss. 704; *Cason* v. *Cason,* 31 Miss. 578.

In the case at bar there was no affirmative proof showing that the recitals of the judgment are untrue. *Coog-*

*ler* v. *Crosby,* 72 S. E. 149; Black on Judgments, sec. 273.

II. This proposition is that there was sufficient (competent and relevant) proof introduced or offered to show that the property was owned by W. F. Wall at the time of the levy. We must take all proof which was introduced or offered as true, because no proof was offered by the appellee to dispute it.

We say proof of the possession and use of the automobile by W. F. Wall is *prima-facie* evidence of title in W. F. Wall. The supreme court of Mississippi so held in *Ketchum* v. *Brennan,* 53 Miss. 596. See also, *Southern Wood Fiber Co.* v. *Thornton,* 112 Miss. 258, 72 So. 1002; *Strickland & Co.* v. *Lesesne & Todd* (Ala.), 49 So. 233; *Newman* v. *Bank,* 67 Miss. 776.

The fact that the property was assessed to Mr. Wall and that he paid the automobile license is sufficient proof to establish at least a *prima-facie* case against Mrs. Wall. *Barrett* v. *Cole,* 114 Miss. 546, 72 So. 381. The declaration made by Mr. Wall in the insurance policy which he signed as agent for the insurance company in which he stated that he was the owner of the Packard automobile is a declaration admissible in this case and the court should not have sustained the objection of the appellee thereto. *Craddock* v. *Walden* (Ala.), 63 So. 534.

In conclusion we respectfully say that the lower court erred in excluding the judgment, for the reason that the judgment imports verity, and should not have been excluded. The attack made on the judgment was a collateral attack, and the judgment will be conclusively presumed to speak the truth when a collateral attack is made on it. A direct attack was not made on the judgment, because no issue whatever was raised in the lower court on any part of the judgment, and no proof whatever was introduced to sustain the attack, by the party making it.

The proof introduced was sufficient to make out a *prima-facie* case for the appellant, and the court should not have excluded the testimony.

*Cutrer & Smith,* for appellee.

I.   It is undeniably true that the burden of proof is upon the plaintiff in attachment to establish ownership by defendant in attachment, of property levied upon by virtue of a writ of attachment, before the plaintiff in attachment can recover as against a claimant.   Section 3268, Hemingway's Code; Section 155, Hemingway's Code.

The only evidence looking towards the ownership of the property in controversy by the defendant in attachment, was the fact that one witness had on two occasions, seen the defendant in attachment riding in the automobile in question, in company with others.   The same testimony showed that the claimant had kept the automobile in her own garage, on her own premises, and that she had been in possession of it, using it as her property at all times.   There was no testimony offered in evidence inconsistent with the ownership of the automobile by the claimant.

The fact that the defendant in attachment may have paid some taxes on or been assessed with an automobile on one or two occasions, could not serve to displace the ownership of claimant, or raise any presumption of ownership in the defendant in attachment.

II.   In order to sustain any claim to subject any of the property of a defendant to sale for the payment of an alleged debt set up in an attachment proceeding, it is necessary that a legal judgment be rendered against the defendant in attachment sustaining the attachment, adjudicating an indebtedness due and owing by the defendant in attachment to the plaintiff in attachment, and

a condemnation of the property in controversy to sale for the satisfaction of such indebtedness.

In support of this burden, the plaintiff in attachment introduced the attachment affidavit, bond, writ of attachment, or return on the writ of attachment, declaration, and judgment. The entire record was introduced and was complete in every particular, but there was one fatal defect in the record which would seem to make an end of the plaintiff's case. The writ of attachment directed the sheriff to summon the defendant to appear at the next regular term of the circuit court of the First District of Bolivar county. The summons was included in the writ. The statute required the execution of this writ upon the defendant, as well as by a levy on the property of the defendant. The statute provided for the issuance of *alias, pluries* and *testatum* writs in the event the original writ should not be served personally upon the defendant in attachment. If none of the writs could be served upon the defendant, then the statute provided for a publication for the defendant. *Alias* and *pluries* summonses and *testatum* writs may be had at any time, either in term time or in vacation, without any order of the court; and in like manner, the clerk was authorized to issue notice by publication, if the defendant should not in any other way be summoned. Hemingway's Code, sections 130, 131, 132, 133, 2923, 2925.

The writ of attachment shows affirmatively, that there was no service of process had upon the defendant in attachment. The record shows furthermore, that there was no issuance of any *alias* writ, or any *pluries* writ, or any *testatum* writ, or any publication for the defendant. There is an entire want of the showing of any service of process upon the defendant in attachment.

As was said by the court in the case of *Learned* v. *Matthews,* 40 Miss. 229, the "the facts are all of too recent a date to justify the court in supplying the absent testimony by a presumption." See also, *Coffin* v. *Murphy,* 62 Miss. 542.

By the provisions of section 783, Code of 1906, section 566, Hemingway's Code, no judgment by default can be entered at the return term "unless it appears that the process has been served personally on the defendant." *Howard Lbr. Co.* v. *Hopson,* 101 So. 363; *Oliver* v. *Baird,* 90 Miss..718; *Day Lbr. Co.* v. *Citizens Bank,* 94 Miss. 212.

The process must be served upon the proper officer or representative of a corporation, if the defendant is a corporation, and that fact must affirmatively appear from the record. *Watkins Mch. Co.* v. *Cincinnati Rubber Co.,* 96 Miss. 610; *Supreme Ruling F. M. C.* v. *Somers,* 66 So. 322.

A recitation in a judgment by default to the effect "that the court found that the defendant had been served with a summons for the time and in the manner required by law," is not effectual to support a judgment by default where the record shows what had been done. *Globe-Rutgers Ins. Co.* v. *Sayle,* 107 Miss. 169.

These authorities make it clear that the court had no jurisdiction of the defendant, and no authority to enter the judgment by default, at the return term, as was undertaken to be done in the case at bar.

SMITH, C. J., delivered the opinion of the court.

The appellant sued out an attachment for debt against W. F. Wall, and included in the property levied on by the sheriff under the writ is a victrola and a Packard automobile. The appellee, who is the wife of W. F. Wall, filed an affidavit, claiming to be the owner of the victrola and automobile. In due course a judgment was rendered against W. F. Wall, adjudging that the attachment was rightfully sued out, and awarding the appellant a personal judgment against him in the sum of five thousand two hundred ninety dollars. An issue was then made up for the trial of the appellee's claim to the car, on the trial of which, the appellant offered in evidence the writ of attachment, together with the sheriff's return there-

on, and the judgment rendered on the attachment issue, which judgment recites that:

"This day this cause came on to be tried; came the plaintiff, the defendant being called came not, but wholly made default, though personally served with process of summons more than thirty days before the first day of this term of this court. It is therefore ordered and adjudged" that the attachment was rightfully sued out, and that the plaintiff have and recover a judgment of and from the defendant for the amount hereinbefore referred to.

The sheriff's return on the attachment writ discloses a levy by him on the victrola and automobile "as the property of W. F. Wall," but fails to disclose any service of the writ, either personal or constructive, on Wall.

The appellee, the claimant in the court below, objected to the introduction of this judgment, on the ground "that the writ of attachment does not show that any personal service has been had upon the defendant," which objection was sustained, and the judgment excluded. The appellant then introduced evidence to the effect that W. F. Wall had been driving the automobile on several occasions; that he was assessed with and paid taxes on one automobile and one victrola; that he paid the sheriff a privilege tax on one Packard automobile, and that he carried insurance on an automobile of the same make. The appellant also offered to introduce parol evidence of a canceled check, alleged to have been lost, given by Wall to a business firm in Memphis, which was engaged in selling Packard automobiles. The consideration for which the check was given does not appear. This evidence was objected to, and excluded on the ground that the loss of the check had not been proven.

On the cross-examination of the witness, by whom W. F. Wall was shown to have been in possession of the automobile, it was also shown that the appellee had, on several occasions, been seen driving the automobile alone, and that it was kept in a garage on the premises on which

Mrs. Wall lived. While no witness stated that Mr. and Mrs. Wall were living together, that fact, in the absence of evidence to the contrary, will be presumed because of their being husband and wife. It does not appear whether the home in which they lived was owned by Mr. or Mrs. Wall, assuming, but merely for the argument, that that fact would be here relevant and material. The appellant then rested its case, and on the motion of the appellee the evidence was excluded, and the jury instructed to return a verdict for her, and there was a judgment accordingly.

The attack here made on the judgment in the attachment issue is a collateral one, and in such an attack all jurisdictional facts necessary to support the judgment in the absence of evidence to the contrary "are conclusively presumed to have existed, whether there are recitals in the record to show them or not." *Cotton* v. *Harlan,* 124 Miss. 696, 87 So. 152. Moreover, the judgment expressly adjudicates that it appeared to the court, which rendered it, that the defendant had been personally served with process, and that adjudication is conclusive in a collateral attack; for in such an attack, whether the court had the proper evidence before it on which to base an adjudication that the defendant had been served with process cannot be inquired into. *Cocks* v. *Simmons,* 57 Miss. 183. The judgment should have been admitted in evidence.

Leaving out of view the evidence as to the payment by W. F. Wall of privilege and *ad valorem taxes* on an automobile, and the carrying by him of insurance thereon, the evidence discloses, viewing it most strongly for the appellee, that the automobile was in the joint possession of herself and her husband, and—"The general rule is that, where husband and wife are living together, the husband is presumptively the owner of personal property on the premises, and that this presumption continues until the wife shows that she acquired it as her separate property. The presumption of the husband's ownership

applies especially to articles such as furniture and household goods adapted to the use of and used by the family generally; but as to articles specially fitted for and adapted to the wife's personal and separate use, and used by her, the presumption is that they belong to her separate estate." 30 C. J. 836.

A *prima-facie* case of ownership of the automobile in the husband was therefore made by the evidence. The objections to the admission of the evidence of the contents of the check alleged to have been given by W. F. Wall to the Memphis concern may be obviated on another trial, and we will therefore pretermit any discussion thereof.

*Reversed and remanded.*