WHITLEY *v.* TOWLE.

(Division B.   May 9, 1932.)

[141 So. 571.   No. 29921.]

Wynn & Hafter, of Greenville, for appellant.

420

**E. J. Bogen,** of Greenville, for appellee.

422

**Griffith, J.,** delivered the opinion of the court.

Appellee brought an action of ejectment against appellant to oust appellant from certain lands in the county of Washington which had theretofore been the property of appellant's deceased husband. During the course of the administration of the estate of appellant's said husband, the administrator filed a petition under sections 1691, 1694, and 1695, Code 1930, for the sale of the land of the decedent to pay the debts of the estate; the personal property not being sufficient. This petition was filed in Washington county, where the estate was being ad-

ministered and where the land was situated. The parties in interest were summoned by the clerk of that county to appear before the chancellor in vacation at the courthouse in the city of Indianola, which is in Sunflower county, but in the same chancery district. The summons was issued on the 22d day of October, 1930, and the parties were thereby notified to appear before the chancellor at the place aforesaid on the 22d day of November, 1930. The chancellor ordered the sale; appellee became the purchaser; the sale was confirmed, the commissioner duly executed his deed to appellee, and the title thereby obtained is the title upon which appellee prevailed in his ejectment suit.

Appellant contends first that the chancellor was without power, at any other place in his district than in the county of Washington, to act on this petition and to decree a sale of the land. In this appellant is in error. Under section 322, Code 1930, the chancellor is empowered to act on matters of this character at any place in his district. This has been the recognized rule of law and procedure in such matters from time out of mind— as far back as any of us now living can remember. If the rule were otherwise, the number of chancellors in the state would have to be increased to twenty or more, and the salary paid them would be largely absorbed in traveling expenses. Moreover, it will be observed that section 1694, Code 1930, dealing with this very subject, provides that the summons "shall specify the time and place of hearing the petition." If the petition could be heard only in the county of the administration, then it would follow, upon equal reason, that the courthouse of that county would be the only permissible place of the hearing. The provision in the statute in respect to the specification of the place of the hearing has reference to the rule that the hearing may be had at any place in the district, and the requirement is that the summons shall designate the place within the district, as well as the

time, so that the parties may be thus advised where and when to attend and be heard.

But appellant contends in the second place, that if the hearing may be had outside of the county of the administration, the time and place must be first designated or fixed by the chancellor by an order and that a summons issued by the clerk without a previous order by the chancellor is invalid; and appellant points out that no such precedent order was made by the chancellor in this case. There is no authority for appellant's position and the practice of many years' standing is to the contrary. The usual practice is to make these petitions in estate matters returnable before the chancellor at his office at his place of residence if at a time when he is not scheduled to be holding court elsewhere, and this without any previous communication with, or authority from, the chancellor. If the matter is desired to be heard by the chancellor at a time when his calendar discloses that he will be holding court in some other county in his district, the usual course is to communicate with him and have him set a place and a date, which he does in ordinary course by an oral communication to the solicitors or to the clerk. However, regardless of the manner in which the time and place of hearing is designated, if the chancellor be present at the time, and at the place in his district, specified in the summons and then and there proceed to the hearing, his action is the equivalent in every way of a previous designation by him of the time and place as specified in the summons.

Appellant contends in the third place that the record herein fails to show that the summons to appellee, to appear before the chancellor at the time and place hereinabove mentioned, was served on appellee—the return of the service is missing from the record. In a direct attack on a decree it is, of course, competent to show that there was no service of summons, but in a collateral attack, as is here made, unless the record affirmatively shows to the

contrary, all jurisdictional facts are conclusively presumed to have existed, including the proper service of process. It is not enough that the return of service is merely missing from the record—and that is all that is shown here. This exact point was settled in Federal Reserve Bank v. Wall, 138 Miss. 204, 103 So. 5.

Appellant next contends that she is entitled to have a homestead set apart to her out of the lands ordered sold by the chancery court, and that the land from which she is being ejected by appellee is in fact her homestead. The principle governing this issue is that appellant lost her right to claim the homestead exemption by her failure to appear and assert it in answer to the aforementioned petition to sell the lands to pay debts. Henderson v. Still, 61 Miss. 391. The ancient principle of procedure is applied that he who fails to object when he could and should, will not be heard later to object when he would.

The other points made by appellant are foreclosed by the facts upon the record and do not, as we view them, require comment.

Affirmed.