ROWELL *v.* LOGAN

No. 42232 March 12, 1962 138 So. 2d 737

*J. M. Travis*, Heidelberg, for appellants.

*Riddell & Dabbs,* Quitman, for appellee.

LEE, P. J.

Mrs. Myrtis Buchanan Logan filed her bill, with proper deraignment of title to the described land, against the State of Mississippi and others to quiet and confirm her title against all of the named defendants. The State answered that it could not deny the allegations of the bill, and that the matter should proceed to final determination. Among the named defendants, Juanita L. Rowell and others, being the children of Cleve L. Logan, deceased, by a former marriage, prior to his marriage to the complainant, answered and denied the material allegations thereof. They also made their answer a cross-bill, exhibiting thereto copies of all of the proceedings in Cause No. 6200 of the court, being styled Myrtis Buchanan Logan v. Cleve L. Logan, and prayed for a partial cancellation of the proceedings in that cause, and that their title to the land, as claimed by

them, should be quieted and confirmed as against the complainant.

The record does not reflect whether pleadings had been filed by the other defendants, who were the offspring of the marriage between the complainant and Cleve L. Logan, or the effect thereof, if such pleadings were filed. In other words, that part of the litigation is not involved on this appeal.

Mrs. Logan, in turn, filed a demurrer to the crossbill, setting up that there was no equity on the face of the same. The demurrer was sustained, and leave was granted to the aggrieved cross-complainants to appeal to this Court to settle the controlling principles of law, and the cross-complainants perfected their appeal.

The certified copy of the record in Cause 6200, referred to above, showed, and the appellants thus conceded, the following as the background of this litigation: On September 21, 1956, Cleve L. Logan, the husband of Mrs. Myrtis B. Logan, was sentenced to serve a term of three years in the state penitentiary on a charge of rape. On December 18, 1957, Mrs. Logan filed her bill in the chancery court, under Sec. 2735, Code of 1942, Rec., against her husband, Cleve L. Logan, for a divorce, custody of their five minor children, support for them and herself, counsel fees and suit money, the use of certain personal property and of 135 acres of land, as therein described, for herself and children, and the impression of a lien against the property to secure the payment of such support funds as might be fixed by the court. Process was duly and legally served on the defendant.

On January 18, 1958, a final decree was entered in the cause which granted the divorce and custody of the children to Mrs. Logan, support for herself and children at the rate of $75 per month, all other relief as prayed for, and impressed a lien on the real estate and property to assure payment of the support money.

Thereafter, Cleve L. Logan executed deeds to his twelve children, all of whom are defendants, whereby each was conveyed a one-twelfth interest in the property. On June 3, 1960, Cleve L. Logan filed a petition in said Numbered Cause 6200 for modification of the final decree of January 18, 1960, setting up many alleged reasons therefor, together with an alleged change in conditions, and prayed that he might be relieved of the $75 per month adjudged against him, and that the lien on the property, or a part thereof, be cancelled. Mrs. Logan answered the petition for modification and denied all of the material allegations thereof. She made her answer a cross-bill and alleged that Logan had failed to pay any of the benefits provided for in the final decree of January 18, 1958, and was then in arrears for twenty-eight months of support at $75 per month, and other specified amounts, for a total of $2,364.25; that a lien had been impressed upon the property owned by Logan to secure such payments; and she prayed for the appointment of a special commissioner to sell the land and apply the proceeds to the payment of said judgment. Her counsel sent a copy of the answer and cross-bill to A. J. Reese, Logan's solicitor of record. On June 14, 1960, at the instance of both parties, the cause was set for hearing in vacation at the convenience of the court and the parties.

On September 2, 1960, Cleve L. Logan died; and on October 10, 1960, Jim Culpepper, Chancery Clerk, was appointed Administrator de bonis non with will annexed of the estate of said decedent.

On October 11, 1960, the motion to revive the cause in the name of Jim Culpepper, Chancery Clerk, etc., as defendant was sustained. On January 13, 1961, following motions therefor, a decree pro confesso was ordered against Jim Culpepper, Chancery Clerk, Administrator, etc., it being recited that "* * * the Court finding that said defendant has been served with process in the

manner and form and for the length of time provided by law and said defendant has wholly failed to appear, plead, answer or demur to the Cross-Bill of Complaint and the Court finding that the complainant is entitled to a Decree Pro Confesso against said defendant; * * *''

Thereafter, on January 19, 1961, the court, by its decree, adjudicated that Cleve L. Logan, at the time of his death, was in default in the sum of $2,664.25, under the terms of the decree of date January 18, 1958; that a sale of the property should be made to satisfy the lien, and that a special commissioner should be appointed to sell the land. After proper notice, the land was sold for $3,125 to Mrs. Myrtis Buchanan Logan, and thereafter, at the time and place set, the sale was confirmed, and the proceeds were distributed in accordance with the decree of the court.

By their cross-bill, the appellants alleged that they were the owners of the land in question, and that they and the complainants claim the same from a common source; that the court was without jurisdiction of the parties of this suit because case No. 6200 was revived and Jim Culpepper, Chancery Clerk, was appointed Administrator of the Estate of C. L. Logan, Deceased, and no process was ever issued or served, and no waiver of process was filed by him; that the administration is still pending and that he had not been made a party, and he did not appear on the cross-bill against cross-defendant in Cause 6200; that such proceedings were null and void because the grantees in the deed of C. L. Logan to his children were necessary parties; that the court was without authority to enter any judgment or decree for the reason that all of the alimony past due ceased at the time of the death of C. L. Logan; and the complainant did not register and probate her claim for past due alimony within six months thereafter. For the reasons stated, they prayed that their title should

be quieted and confirmed as against Mrs. Myrtis Buchanan Logan.

In support of the assignment that the court erred in sustaining the demurrer, the appellants argue those questions here.

The allegations of the cross-bill in this case amounted to an attack upon the final decrees in Cause No. 6200, being the suit for divorce by Mrs. Myrtis Buchanan Logan against her husband, Cleve L. Logan, for a divorce and support, etc., as heretofore stated. Logan was duly served with process. There was no contest by him and there was no appeal from the final decree. After Logan had gotten out of the penitentiary, he deeded his land to his twelve children, with each getting a one-twelfth thereof. However, the lien had been impressed under the decree of January 18, 1960, and had therefore already attached. Consequently those conveyances by Logan were subject to that lien. When he asked to modify, Logan did not pray for the annulment of the divorce, but he did want to get from under the $75 per month for support, to be relieved of it, and to have the lien cancelled. After his death, the appointment of the administrator was made and the action was revived accordingly. The decree pro confesso adjudicated that the administrator had been served with process, as shown herein above.

██ █ Of course, if a decree is void on its face, it may be attacked collaterally anywhere at any time. Natis v. Jackson, 205 Miss. 490, 38 So. 2d 925. Likewise, if it is void on its face or procured by fraud, it may be collaterally attacked at a subsequent term. Horne v. Moorhead, 169 Miss. 362, 152 So. 495, 153 So. 668.

But, in the present case, the decree, on its face, does not appear to be void. To the contrary, on its face, it appears to be good. There was a finding by the court that Jim Culpepper, Chancery Clerk, Administrator, etc. was properly and legally served with process,

as quoted above. The cross-bill of the appellants is clearly a collateral attack.

The presumption as to regularity was well stated in Brotherhood of Railroad Trainmen v. Agnew, 170 Miss. 604, 155 So. 205, where it was said: "The presumption of law is that public officers have performed their duties. And, as said by us in the recent case, Walton v. Gregory, (170 Miss. 129), 154 So. 717, in respect to the judgments of courts of general jurisdiction, 'unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there be recitals in the record to show them or not, and this rule applies, although the judgment attacked was rendered by default, on constructive service of process alleged to be defective.' The presumption mentioned is conclusive on a collateral attack; and on a direct attack, as is the case here, the presumption still stands unless the defendant affirmatively show that the defect complained of existed as a matter of fact."

In Whitley v. Towle, 163 Miss. 418, 141 So. 571, the return of the service was missing, and the appellant there contended that the record failed to show that the summons to the appellee to appear before the chancellor at the time and place mentioned was served. In response to that contention, the opinion said: "In a direct attack on a decree it is, of course, competent to show that there was no service of summons, but *in a collateral attack, as is here made, unless the record affirmatively shows to the contrary, all jurisdictional facts are conclusively presumed to have existed, including the proper service of process.* It is not enough that the return of service is merely missing from the record — and that is all that is shown here. This exact point was settled in Federal Reserve Bank v. Wall, 138 Miss. 204, 103 So. 5." (Emphasis supplied.) See also Cotton v. Harlan, 124 Miss. 691, 87 So. 152, and authorities there

cited. See also Honeywell v. Aaron, 228 Miss. 284, 87 So. 2d 562, where many authorities are collated. Cf. also Hollingsworth v. Central Oil Company, 236 Miss. 779, 112 So. 2d 518.

Obviously the appellants could not maintain their collateral attack.

In Schaffer v. Schaffer, 209 Miss. 220, 46 So. 2d 443, this Court held that "Defaulted installments of alimony can be recovered against the husband's personal representative." In that case, no lien had been impressed. Consequently the claim was probated. See also Rainwater v. Rainwater, 236 Miss. 412, 110 So. 2d 608.

 In this case, as stated above, the lien was impressed upon and was fully effective against the property long before Logan made any effort to convey his interest therein. The rights of his grantees were subordinated to the lien which was placed thereon by the court in order to assure the payment of the sums which were adjudged for the support of the wife and minor children.

The court was right in sustaining the demurrer to the cross-bill of these appellants, and the decree to that effect will be affirmed.

Affirmed and remanded.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.,* concur.