INZER, Justice.
This is an appeal by Paul Box from a decree of the Chancery Court of Montgomery County awarding appellee Mrs. Margie McKnight a judgment as a result of an action to enforce a performance bond for child support. We affirm.
There is no conflicting evidence in this case. It establishes that appellee secured a divorce from her husband William Woodrow McKnight and the decree granting the divorce awarded appellee the custody of the three children born to the marriage. Mr. McKnight was_ordered to pay $125 per month to her for the support of the children. He was also required to enter into a ne exeat bond and appellant and one Morris Jacks became sureties on this bond. Thereafter upon a hearing citing McKnight for contempt and for forfeiture of the ne exeat bond, it was agreed that the ne exeat bond would be released upon the condition that a bond for the performance of the child support decree be executed. The support payments were reduced at this time to $87.50 per month. Appellant and Morris Jacks became sureties on the performance bond in the principal sum of $1,500 and it was duly filed in the Chancery Court of Montgomery County, Mississippi. The bond is entitled “Bond for Payment of Child Support” and by its conditions appellant and Jacks bound themselves, jointly and severally, to pay the child sup *410 port payments in the amount of $87.50 per month if the principal failed so to do.
McKnight became delinquent in his payments and on September 6, 1966, appellee filed a petition asking that McKnight be cited for contempt and that appellant be summoned to appear and show cause why the performance bond should not be forfeited and a judgment awarded for the child support then due. The other surety had died and his estate was not made a party to the proceeding. As a result of the hearing, a judgment was entered against the principal and surety for $262.-50, the amount that McKnight was then in arrears. No appeal was had from this order.
On May 30, 1967, Mrs. McKnight filed the petition now in question setting up that Mr. McKnight had again failed to make the payments as they came due, and that he was a non-resident of the State. She asked that McKnight be cited for contempt of court and appellant, as one of the sureties on his bond, be summoned to appear and show cause why the performance bond should not be forfeited and judgment entered for the payments then due. By a fiat the chancellor set the matter for hearing in vacation in June, 1967, in chambers at his office in Water Valley, Mississippi. Process was had by publication for McKnight and personal service was had upon appellant. McKnight did not appear; appellant appeared and answered the petition. At the request of appellant the matter was continued for two weeks in order that he might have an opportunity to have McKnight in court. McKnight never appeared nor answered, although he did contact an attorney who did appear, not as counsel for him, but as a friend of the court. The answer of appellant denied every allegation of the petition and alleged several affirmative defenses. After the hearing the chancellor held that the proof showed that McKnight was in arrears and that the payment due under the decree for child support was in the amount of $700, but held that one of the children had become 21 years of age and married and although no petition had been filed to modify the decree, the judgment against appellant as surety on the bound should be reduced by one-third. A decree was rendered against McKnight and appellant as a surety on the performance bond in the amount of $466.66. It is from this decree that the surety appealed. There is no appeal by McKnight and no cross appeal.
Appellant does not deny that the principal McKnight failed to perform his obligation under the decree and was in arrears in the payment of child support due thereunder. Neither does he question the amount adjudicated for his liability under the terms of the bond to pay the same. What he does question on this appeal is the procedure followed in the trial court to impose this liability. Appellant contends that the Chancery Court of Montgomery County had no jurisdiction to entertain the proceeding in the form in which it was brought. If we understand his contention in this regard, it is that no suit could be brought to enforce liability under the terms of the bond until the liability of the surety had been established and then only in an entirely separate suit brought against both sureties in term time. The chancellor held that the Chancery Court of Montgomery County had jurisdiction to enforce the terms of the bond and that it could be done in the same cause in which the bond was posted. In so holding he relied on the case of Cadenhead v. Estes, 134 Miss. 569, 99 So. 361 (1924). The question posed there was whether the Chancery Court of Forrest County had jurisdiction of a proceeding to enforce a performance bond which had been posted in a divorce proceeding in the Chancery Court of Perry County guaranteeing the payment of alimony. It was argued that the complaining party had an adequate remedy at law and the trial court was not in error in transferring the cause to the Circuit Court of Forrest. This *411 Court in reversing the case pointed out that Section 159, Mississippi Constitution gives the chancery court full jurisdiction in divorce and alimony matters and that the suit was founded on a bond given to secure the payment of alimony. The Court also pointed out that the Chancery Court of Perry County, wherein the decree was rendered, had full jurisdiction to render judgment on the bond given to secure the payment of alimony , ordered by that court even though none of the bondsmen were residents of Perry County. The chancellor was correct in holding that the Chancery Court of Montgomery County had full jurisdiction to enforce the bond here in question.
We find no merit in appellant’s contention that suit could not be maintained against the sureties on the bond until the liability of the principal had been fixed. The decree of the court fixed the amount of the child support to be paid each month. The bond guaranteed that McKnight would make those payments as they became due. When they became due they constituted a judgment against McKnight for that amount. There is no logical reason why Mrs. McKnight should be required to have the court ascertain the amount McKnight was in arrears before she could bring a proceeding to enforce the conditions of the bond.
We are unable to find any logical reason why it is not proper to combine a suit to enforce the terms of a performance bond posted in a case such as this with a citation for contempt against the principal on the ’ bond. Certainly the surety could not be prejudiced thereby, in fact, such proceeding could inure to his benefit. If by the contempt proceeding, the principal is coerced into complying with the decree by making the court payment then in arrears, there would be no liability on the bond.
The chancellor was correct in holding that appellant’s co-surety was not a necessary party to this proceeding. It is argued by appellant that any action on the bond should be stayed until Mrs. McKnight takes steps to protect her right against the estate of Morris Jacks, the deceased surety. The liability of the surety on the bond is joint and several and Section 335, Mississippi Code 1942 Annotated, (1956) authorizes suit against any one or more of the parties liable on such bond.
Appellant also contends that the chancellor was in error in entertaining this proceeding in vacation and hearing the cause at a place in the district other than Montgomery County. Appellant points out that there is no specific statute authorizing an action on a bond against a surety in vacation. However, he overlooks the fact that the bond here in question was posted to guarantee child support payments ordered by the court. In this regard we adopt the language of the chancellor, wherein he said:
The entry of the Decree raises the presumption that the support therein provided was required for the everyday living of the children. The sureties are charged with knowledge of such understanding, and the Court cannot ascribe to it any other philosophy.
If the decree could only be enforced against the sureties by separate suit, in term time, then children would be made to suffer and, in many cases, become public charges, and the Court does not believe the intent of the law is thus harshly against the children for whose welfare the Decree and the bond were provided.
In Johnson v. Johnson, 189 Miss. 561, 198 So. 308 (1940), we said:
The argument is made that there was no power to proceed in vacation in the enforcement of the alimony decree— that this could be done^only in term time. This defendant was ordered in the decree to pay the alimony in monthly in *412 stallments. He contemptuously failed to do so, and in vacation there was the stated proceeding to punish for contempt. The power to do so in vacation is expressly conferred by Section 367, Code 1930, and this power is not confined to injunction cases, as contended but expressly includes “any other order, decree, or process of the court.”
The facts of the present case are that in the progress of the effort to enforce the decree by way of process in contempt, the defendant had admittedly gone beyond the limits of the state, so that citation could not be served upon him, he did not remain amenable to the processes of the court, with the result that his bond was thereupon breached. The sureties were thence properly cited to show cause why they should not stand in judgment for the penalty of the bond. They showed no valid cause for avoidance, and they are not in a position to complain that the court adjudged against them a less sum than the penalty of the bond. (189 Miss. at 570-571, 198 So. at 310-311.)
While the bond in the present case is a performance bond instead of a ne exeat bond, the same rule should apply otherwise the purpose for which the bond was required would not be effectually carried out. When McKnight failed to make the payments as required the bond was breached.
Appellant also seems to infer that it was error for the chancellor to set the matter for hearing and for it to be heard before him in chambers at his office in Water Valley, Mississippi, a place outside Montgomery County but in the same chancery court district. The question has long since been settled. Justice Griffith writing for the court in Whitley v. Towle, 163 Miss. 418, 141 So. 571 (1932) said:
Appellant contends first that the chancellor was without power, at any other place in his district than in the county of Washington, to act on this petition and to decree a sale of the land. In this appellant is in error. Under section 322, Code 1930, the chancellor is empowered to act on matters of this character at any place in his district. This has been the recognized rule of law and procedure in such matters from time out of mind— as far back as any of us now living can remember. If the rule were otherwise, the number of chancellors in the state, would have to be increased to twenty or more, and the salary paid them would be largely absorbed in traveling expenses. Moreover, it will be observed that section 1694, Code 1930, dealing with this very subject, provides that the summons, “shall specify the time and place of hearing the petition.” If the petition could be heard only in the county of the administration then it would follow, upon equal reason that'the courthouse of that county would be the only permissible place of the hearing. The provision in the statute in respect to the specification of the place of the hearing has reference to the rule that the hearing may be had at any place in the district, and the requirement is that the summons shall designate the place within the district, as well as the time, so that the parties may be thus advised where and when to attend and be heard. (163 Miss. at 424-425, 141 So. at 572).
For the reasons stated this case should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.