James M. Cannon, Admr., &c., *v.* T. T. Cooper et al., Admrs., &c.

---

JAMES M. CANNON, Admr., &c., *v.* T. T. COOPER et al., Admrs., &c.

1. JUDGMENTS : OF COURTS OF GENERAL JURISDICTION PRESUMED COR-RECT.—The evidence on which the judgments and decrees of courts of general jurisdiction are founded is not necessarily a part of the record, nor required to be shown by it.   The law presumes they are founded on sufficient evidence ; and in the absence of a statement of the evidence in the record, if it appear that the fact in question was adjudicated upon evidence deemed sufficient by the court, that adjudication cannot be collaterally impeached.   See *Cason* v. *Cason*, 31 Miss. R. 578.

2. SAME: SAME: RULE OF PRESUMPTION OF CORRECTNESS OF JUDGMENT APPLIES TO ADJUDICATIONS OF JURISDICTIONAL FACTS.—The presumption of law in favor of the correctness of the judgments and decrees of courts of general jurisdiction applies as well to judgments and orders adjudicating jurisdictional facts as to others ; and hence, if the record show that the court did adjudge that a fact existed, the existence of which was essential to the court's entertaining jurisdiction over a party, the record is conclusive in every collateral proceeding in which the validity of the judgment may be impeached.

3. SAME: SAME: CASE IN JUDGMENT.—The record of a judgment rendered in the Circuit Court recited, "that it appeared to the satisfaction of the court that the cause had been duly and properly revived against M. & C., administrators of J. M., in the High Court of Errors and Appeals, and by the order thereof, and that said administrators had thereby due notice of the pendency of this suit," and therefore ordered it to be revived against them : *Held*, that this order was sufficient evidence that·the revival had been properly made.

4. HIGH COURT: REVIVAL OF SUIT HERE SUFFICIENT IN COURT BELOW.— A revival of a suit in this court by or against an administrator, is sufficient for all subsequent proceedings in the court below, without any new revival in that court.

5. PLEADING: NUL TIEL RECORD, HOW PLEADED: ARGUMENTATIVE PLEADING BAD.—A plea to an action on a judgment which avers "that if there be a record of any such supposed judgment the defendants were not made parties to the suit in which it was rendered, and therefore that the court had no jurisdiction to render the judgment against them, and this they are ready to verify," is bad : 1st, because it is but an argumentative denial of the record ; and 2d, because, if it be considered as a plea of *nul tiel* record, it ought to have concluded with a verification *by the record.*

6. EXECUTOR AND ADMINISTRATOR : FAILURE TO APPLY ASSETS TO DEBTS A BREACH OF OFFICIAL BOND.—It is the duty of an administrator to apply the assets in his hands to the payment of the intestate's debts ; and a suit on the administration bond by a judgment creditor alleging a sufficiency of assets and the failure of the administrator to pay the debt, is an action to recover for a breach of this duty ; and hence it is no answer to such an action that the administrator has not wasted or misapplied the assets ; his retention of the assets in.his own hands, and his failure to apply them to the payment of the debt, constitute in law a breach of the bond.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

This is an action on an administrator's bond to recover the amount of a judgment recovered against the administrator, upon the ground, as the declaration alleged, that the administrator had received sufficient assets and had failed to apply them to the payment of plaintiff's judgment.

To this the administrator and his surety pleaded several pleas— the second, third, and fifth of which are as follows :

2. *Nul tiel* record.

3. That if there be any record of such supposed judgment, the defendants were not made parties to the suit in which it was rendered, by reason whereof the Circuit Court of Lawrence

county had no jurisdiction to render said judgment, and this they are ready to verify. .

5. That the administrators had not wasted or misapplied the assets.

The plaintiff took issue on the plea of *nul tiel* record, and demurred to the others. The court found the issue for the defendant and overruled the demurrer to the third and fifth pleas.

On the trial of the issue upon the plea of *nul tiel* record, the plaintiff introduced in evidence a transcript from the record of the Circuit Court of Lawrence county in which the judgment was rendered, from which it appeared that, in 1844, M. B. Cannon sued Wm. A. Stone, administrator with the will annexed of John Martin, (the defendant's intestate,) in an action of assumpsit. Stone pleaded *non assumpsit* and set-off. In 1846 there was a trial, and judgment for plaintiff for fifteen hundred dollars. In January, 1848, the High Court, on writ of error sued out by Stone, reversed this judgment and remanded the cause to the Circuit Court of Lawrence county for a new trial. In January, 1849, the defendant, Stone, pleaded in abatement to the suit that at the April term, 1848, the Probate Court revoked his letters of administration with the will annexed. In 1849, a *scire facias* was issued against Stone, suggesting his removal as administrator with the will annexed, and suggesting also his appointment as administrator *de bonis non* with the will annexed. To this *scire facias* Stone demurred, and his demurrer was sustained. In 1850, M. B. Cannon petitioned for and obtained a writ of error against Stone to revise this judgment. At the October term, 1854, of this court, the judgment last mentioned was reversed, as appears from the mandate issued by the clerk of the High Court to the Circuit Court of Lawrence county, and which mandate was copied in the transcript aforesaid.

The mandate entitles the case thus : " James M. Cannon, admr. of M. B. Cannon, plaintiff in error, *v.* Eliza J. Martin and T. T. Cooper, admx. and admr., &c., defendant." And it then proceeds to recite the reversal of the judgment in the court below, and command further proceedings according to law.

The next step taken was the final judgment in the Circuit Court, which is as follows : " James M. Cannon, administrator of

Matthew B. Cannon, decd., v. Eliza J. Martin and Timothy T. Cooper, admx. and admr. with the will annexed, of John Martin, decd.

"In this cause came the plaintiff, by his attorney, it appearing to the satisfaction of the court that this cause had been duly and properly revived on the motion of plaintiff against defendant, the said Eliza J. Martin and Timothy T. Cooper, administrator with the will annexed of John Martin, deceased, in the High Court of Errors and Appeals of the State of Mississippi, and by the order thereof; and that the said Eliza J. Martin and Timothy T. Cooper had, by means thereof, notice of the pending of this cause in this court.

"It is therefore ordered that the cause be revived and continued against the said Eliza J. Martin and Timothy, administratrix and administrator as aforesaid, in this court; and it also appearing that the said Eliza J. Martin and Timothy T. Cooper have interposed no new plea or defence to this suit, it is ordered that the same stand for trial on the issue heretofore made; and it is ordered that a jury come, and thereupon came a jury," &c.; who found a verdict for plaintiff for seven thousand, nine hundred dollars, and there was judgment accordingly.

The court below, upon the finding of the issue on the plea of nul tiel record for defendants, entered judgment final for defendants, and plaintiff sued out this writ of error.

W. P. Harris, for plaintiff in error.

D. Shelton, for defendants in error.

HANDY, J., delivered the opinion of the court:

This was an action on the bond of the defendants in error as administrators of John Martin, deceased, brought by the plaintiff in error, a judgment creditor, for a devastavit.

The declaration contains the usual averments of the rendition of a judgment in behalf of the plaintiff in error against the administrators; of assets in their hands before and after the rendition of the judgment sufficient to pay it; and their failure to pay it.

To this the defendants pleaded several pleas, to all of which the plaintiffs demurred, except one. The demurrer was overruled as to two of these pleas; and the issue of *nul tiel record* as to the judgment upon which the plaintiffs' claim was founded was adjudged for the defendants, and a final judgment was thereupon rendered for them.

This judgment and the rulings of the court on the demurrers to two of the pleas present the questions for our consideration.

The first question which we will consider is the action of the court upon the plea of *nul tiel record.*

On the trial of this issue, the plaintiff offered in evidence the transcript of the record of a judgment in the Lawrence county Circuit Court, showing the following state of case : The suit was instituted by Matthew B. Cannon against William A. Stone, administrator of John Martin, and a judgment rendered for the plaintiff, which was reversed and a new trial awarded on writ of error by this court. When the case went back to the court below, Stone filed pleas setting up a revocation of his letters of administration with the will annexed ; and thereupon, on suggestion of such revocation, and that letters of administration *de bonis non* had since been granted to him, a *scire facias* was awarded against him in the latter capacity and issued ; to which he filed a demurrer, which was sustained and judgment rendered thereon for the defendant. This judgment was reversed on writ of error by this court; and the transcript shows the mandate from this court to the court below remanding the cause and stating the style of the cause as follows : "James M. Cannon, admr. of M. B. Cannon, decd., plaintiff in error, *vs.* Eliza J. Martin and T. T. Cooper, admr. and admx., &c., defendants."

The transcript then shows the style of the cause in the court below, subsequent to this mandate, the same as stated in the mandate, and it shows an order in substance as follows : that the plaintiff appeared by attorney, "and it appearing to the satisfaction of the court that the cause had been duly and properly revived on the motion of said plaintiff against said Eliza J. Martin and Timothy T. Cooper, administrators, &c., of John Martin, deceased, in the High Court of Errors and Appeals and by the order thereof, and that said administrators had thereby due notice

of the pending of this cause in said Circuit Court; it was thereupon ordered that the cause be revived in said Circuit Court against them; and as they had filed no new plea to the action, that it should stand for trial on the issue theretofore filed," &c. The cause was then tried and judgment on verdict was rendered for the plaintiff.

The defendants objected to the introduction of this transcript, because, 1st, the transcript showed no revival of the action against them in the Circuit Court, nor notice to them of its pendency; 2d, it did not show any such revival or notice in the High Court of Errors and Appeals. This objection was sustained and the transcript excluded, and judgment was thereupon rendered for the defendants on the plea of *nul tiel record.*

It will be observed, that the transcript positively shows that it appeared to the satisfaction of the court that the suit had been duly revived in this court against these administrators. It does not state the evidence by which the recited fact was made to appear to the court. Nor was it necessary that it should do so. The evidence upon which orders and judgments of courts of general jurisdiction are founded is not necessarily a part of the record, nor required to be shown by it. The presumption of law is, that such judgments are founded on proper and sufficient evidence; and in the absence of the statement of the evidence, if it appear that the fact in question was adjudicated upon evidence deemed sufficient by the court, upon well-settled principles, the judgment cannot be collaterally impeached, however insufficient the evidence may have been in fact. *Cason* v. *Cason,* 31 Miss. R. 578.

Hence it must be taken as a matter concluded by the transcript offered, that the revival took place in this court; and the only question is, whether that was sufficient to dispense with a revival and process necessary thereto, in the Circuit Court.

The statute clearly allowed the representatives of deceased persons' estates to be made parties in the High Court of Errors and Appeals to suits pending therein; Hutch. Code, 841, 842; Id. 929, sec. 25; and authorized final judgment to be rendered against them therein. When made parties, they must become so for all the purposes of the suit, whether the judgment be final

in this court or the cause be remanded to the court below for further proceedings. If the cause be remanded, it is a mere continuation of it, and the parties to it, who were such in this court, would necessarily be the parties to it in all subsequent proceedings, unless some change was made in a way recognized by law. For, having been regularly introduced as parties to it, it would be vain and useless to take other steps and incur further expense to make them such in its further progress.

But, in addition to this, the defendants were made parties by order of the court when the case was sent back to the court below, because it was shown to the court that the suit had been duly revived against them in this court. This was a useless step, except that it shows that it was taken upon evidence which was deemed sufficient, showing that the cause had been revived in this court.

We think it clear that the court erred in excluding the transcript, and in not rendering judgment for the plaintiff on the plea of *nul tiel record*.

The next assignment of error to be noticed is the overruling of the demurrer to the third plea. That plea is in substance as follows: that if there be a record of any such supposed judgment, the defendants were not made parties to the suit in which it was rendered; wherefore they say that the court had not jurisdiction to render the said judgment against them.

This plea was manifestly insufficient. It is in substance an argumentative denial of the existence of the record of the alleged judgment, by averring that they were not made parties to it. If they were not made parties and had not notice of the suit, there was no legal and valid judgment against them, and therefore the plea was in effect a plea of *nul tiel record*. But it is insufficient for that purpose, because it does not conclude with a verification *by the record;* and if it were allowable, the trial of the issue tendered by it would not have been confined to the record, but any evidence showing that they were not properly made parties might have been admitted, though it might have been in contradiction of the averments of the record. We have above seen that this cannot be done; and consequently the demurrer to the plea was improperly overruled.

The next error assigned is the overruling of the demurrer to the fifth plea. That plea does not appear to be relied on by the counsel of the defendants, who says nothing in support of it. It was clearly bad, being a mere allegation that the administrator Cooper had not wasted or misapplied the assets as alleged.

The declaration alleged in substance that the administrator had received assets sufficient to pay the plaintiffs' judgment, but that they failed to apply them to its payment. If this be true, it was their duty to pay the judgment, unless they could show some good reason for their failure. It was not sufficient that they did not waste or misapply the assets; for they might, consistently with that, have kept them idle in their own hands. But it was incumbent on them to show affirmatively the state of facts relied on as their justification for failing to do what appeared by the declaration to be their duty.

For these reasons, the judgment must be reversed, and the cause remanded for further proceedings.