## CAMPBELL v. CAMPBELL.

(Division B. Feb. 9, 1931.)

[132 So. 324. No. 29054.]

Reily & Parker, of Meridian, for appellant.

**Dorroh & Strong**, of Macon, and **Geo. T. Mitchell**, of Jackson, for appellee.

Argued orally by **Marion W. Reily**, for appellant, and by **Charles Strong** and **Geo. T. Mitchell**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The evidence sufficiently supports the findings of fact by the chancellor in denying the divorce on the original bill, and in granting the decree on the cross-bill on the charge of desertion. This leaves for determination only the question whether the judgment of the circuit judge rendered in the habeas corpus proceedings and only a few months before, between these same parties in respect to the custody of their child, is res adjudicata upon that issue in the present cause in the chancery court; there being no allegation or proof of any intervening change in facts or conditions.

While there are a few cases to the contrary, it is generally held that the doctrine of res adjudicata will apply where the writ of habeas corpus has been used as a means for inquiring into and determining the rights of the par-

ties to the care and custody of their minor child, and where no material change of circumstances-is shown to have arisen since the judgment in the habeas corpus proceedings. 12 R. C. L., pp. 1255, 1256; 29 C. J., pp. 112, 113. There is an elaborate discussion of the subject in Dawson v. Dawson, 57 W.-Va. 520, 50 S. E. 613, 110 Am. St. Rep. 800, wherein the authorities are reviewed at length, and in a case similar in all material respects to the case here before us. We are in accord with the principle as above stated, and with the holding in the Dawson case, which denied the right of the court in a divorce proceeding to substantially interfere with a previous judgment in habeas corpus, between the same parties, awarding the custody of a child, in the absence of any material changes in conditions or circumstances.

Affirmed.

**Ethridge, P. J.**, disqualified, takes no part.