McMANUS *v.* St. Dizier.

(Division B'. Dec. 9, 1935.)

[164 So. 407. No. 31932.]

F. D. Hewitt, of McComb, for appellant.

346

**J. Gordon Roach** and **Bert H. Jones,** both of McComb, for appellee.

Argued orally by **F. D. Hewitt**, for appellant, and by **J. Gordon Roach** and **Bert H. Jones**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The parties hereto were formerly husband and wife, and are the parents of the child, June McManus, whose custody is the subject of this suit. The parties were married in 1924, the child was born in June, 1929, and the separation occurred in the latter part of the year 1932. The mother took the child with her at the time of the separation, but soon thereafter wrote the father to come for the child, which he did. In a short time the father and husband filed a suit for divorce, and for the custody of the child, returnable to the April, 1933, term of the chancery court. The wife entered her appearance to this suit, and on the 18th day of April, 1933, the court granted to the husband a decree of divorce, and the decree also granted unto the husband and father the custody of the child, and the child has ever since remained in the care and custody of her father, in this state.

In September, 1934, the father married again, and in December, 1934, the mother remarried, and she now re-

sides in an adjoining state. On the 9th day of April, 1935, the mother, the appellee, filed her petition in the chancery court of the residence of the child and of her father praying that the custody of the child be now awarded to the mother. Answer was duly filed and a trial had as the result of which the chancellor entered a decree awarding the custody of the child to the mother, from which decree the father has appealed.

In Campbell v. Campbell, 159 Miss. 708, 132 So. 324, this court held that a judgment in habeas corpus proceedings between husband and wife adjudicating custody of child is res adjudicata on that issue as to all facts existing at or before the time of the rendition of said judgment. See, also, Watts v. Smylie, 116 Miss. 12, 22, 76 So. 684. And the same principle applies, of course, to a judgment or decree rendered in any competent proceeding, by any court of competent and full jurisdiction, in respect to such custody. It follows, therefore, that the decree of April 18, 1933, awarding the custody of the child to appellant was res adjudicata of all facts then or theretofore existing, or alleged to exist.

Nevertheless, on the subsequent hearing, the review of which is now before us, the chancellor permitted, over the objections of appellant, the introduction of certain testimony detrimental to the character of appellant, which testimony was of alleged facts asserted to have happened before the decree of April 18, 1933, and which facts, if they existed at all, were known to appellee at that time. The introduction and reception of this evidence was error; and since it appears probable, when the remainder of the record is examined, that this improper evidence was influential upon the chancellor in the rendition of the second decree, now under review, the decree must be reversed and the cause remanded.

Reversed and remanded.