## McMANUS v. St. DIZIER.

(Division A. Dec. 14, 1936.)

[171 So. 23. No. 32459.]

**F. D. Hewitt,** of McComb, for appellant.

**Roach & Jones,** of McComb, for appellee.

Argued orally by **F. D. Hewitt**, for appellant, and by **Gordon Roach**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The parties hereto were formerly husband and wife, one child was born of their marriage in 1929, and the parties thereto separated in 1932. In 1933 the court below rendered a decree by which the parties were divorced and the custody of the child awarded to the husband, the appellant here. In April, 1935, the appellee filed a petition in the court below setting up an alleged change of circumstances since the decree awarding the custody of the child to the appellant was rendered, and

praying that she be given the custody thereof. A decree was rendered in accordance with the prayer of this petition, but on appeal to this court it was reversed because of the erroneous admission of evidence, and the case was remanded. 174 Miss. 344, 164 So. 407. After it returned to the court below it was again heard on evidence, and a decree rendered awarding the custody of the child to its mother, the appellee. One of the provisions of the decree awarded the appellant the right to see the child ''and have it visit him at reasonable times and places.'' This appeal is from that decree.

The circumstances surrounding the parties when this decree was rendered seem to be sufficient to justify the court below in changing the custody of the child. At all events, we are unable to say that it erred in so doing. The appellee, who has married again, resides at Baton Rouge, La., and intends to remove the child thereto. The court below did not require her to enter into a bond to comply with the requirements of the decree, and such future orders, if any, as the court might hereafter make relative to the care and custody of the child. The first decree rendered on this petition awarding the appellee the custody of the child does not appear in this record, but counsel in their briefs say that it contained a provision requiring the appellee to execute a bond in the penalty of five hundred dollars, conditioned that she obey the decree and future orders and decrees of the chancery court of Pike county, Miss., in reference to the custody of the child, which bond counsel for the appellee say she executed, and that it is still in force, and, consequently, it was not necessary that the court make any provision therefor in the second decree, from which this appeal is taken. Assuming that this bond was given pursuant to a requirement therefor in the first decree, that decree, as hereinbefore stated, was reversed by this court and the right of the appellee to the custody of the child is now governed by the decree thereafter rendered

and here in question, which does not require the execution by her of such a bond, and the evidence discloses nothing that would relieve the appellee from the obligation to execute such a bond before taking the child out of the jurisdiction of the court.

The decree of the court below will be set aside, and a decree will be rendered here in exact accord therewith, except there will be added thereto a provision requiring the appellee to execute a bond in the penalty of five hundred dollars that she will faithfully observe the requirements of the decree and such other orders and decrees as to the care and custody of the child that the chancery court of Pike county, Miss., may hereafter render.

So ordered.