HONEYWELL *v.* AARON

No. 40180          May 28, 1956          87 So. 2d 562

286

June 28, 1956                           88 So. 2d 558

*Breland & Whitten,* Sumner; *Barnett, Jones & Montgomery,* Jackson, for appellant.

*Carlton & Henderson,* Sumner, for appellee.

LEE, J.

This is an appeal by Mrs. Thelma Aaron Honeywell from a judgment of the Circuit Court of Tallahatchie County, which denied to her, in a habeas corpus proceeding, the custody of her eight year old daughter, Pamela Gail Aaron, and awarded the custody to defendant, Ira Aaron, the father of the child.

The parties had been married in Conyers, Georgia, on June 9, 1941. They moved to Webb, Mississippi, in 1953, where they were living on January 10, 1955, when the appellant left the domicile with her daughter and went to Tallahassie, Florida.

The appellee went to Florida, and on March 5, 1955, filed a petition in habeas corpus against his wife, in the Circuit Court of Leon County, to obtain the custody of Pamela. The cause was heard, and on May 6, 1955, the court entered a judgment, awarding to the father custody of the child from June 15th to August 15th of each year; and to the mother from August 15th to June 15th of each year. There was no appeal from this judgment.

While the appellee was in Florida for the purpose of prosecuting the habeas corpus proceeding, on May 5, 1955, he was served with process in a suit, in the same court, by his wife for a divorce, custody and support of the child, attorneys fees, etc., but he neither answered nor contested this suit. On July 15th thereafter that court entered a final judgment, awarding a divorce to the wife, custody of the child to the parties for the same periods as were provided in the habeas corpus judgment, together with reasonable rights of visitation, and a weekly amount of $12.50 against the father for the support of the child. Aaron did not appeal from that judgment.

In the meantime, on June 15th, pursuant to the terms of the habeas corpus judgment, Aaron took custody of

the child and brought her to his home in Mississippi. Two months later, on August 15th, at the expiration of his period of custody, he refused to return the little girl to her mother, as he was required to do by the Florida judgment. It was then that Mrs. Aaron brought the proceedings in Mississippi to obtain custody.

■■ ■ The judgment of May 6th was entered in a suit which the appellee himself had instituted; and obviously he was bound by the terms thereof. The trial court properly found that the judgment was entitled to full faith and credit. See Williams v. North Carolina, 325 U. S. 226, 89 L. Ed. 1577.

The appellee contended in his answer (1) that the process in the suit, filed May 5th, was void because it was served before the bill of complaint had been filed; and (2) that he was immune from process because he was a nonresident of Florida and was in that state solely to prosecute the habeas corpus suit.

The judgment recited that personal service had been obtained and that the court had jurisdiction over the subject matter and the parties. In Brotherhood of Railway Trainmen v. Agnew, 170 Miss. 604, 155 So. 205, it was held that it is the duty of a court, before proceeding, to determine whether it has jurisdiction of the subject matter and the parties, and to examine the process and returns, and determine if the defendant has had notice as required by law.

■■ ■ The appellee's contention here constitutes a collateral attack on that judgment. ■■ ■ On such an attack, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, including the proper service, whether there are recitals in the record to show them or not. Cason v. Cason, 31 Miss. 578; Cannon v. Cooper, 39 Miss. 784; Allen v. Dicken, 63 Miss. 91; Kelly v. Harrison, 69 Miss. 856, 12 So. 261; Ames v. Williams, 72 Miss. 760, 17 So. 762; Gillespie v. Hauenstein, 72 Miss. 838,

17 So. 602; Hester v. Hester, 103 Miss. 13, 60 So. 6; Cotton v. Harlan, 124 Miss. 691, 87 So. 152; Federal Reserve Bank of St. Louis v. Wall, 138 Miss. 204, 103 So. 5; Whitley v. Towle, 163 Miss. 418, 141 So. 571; Chambliss v. Chambliss, 182 Miss. 480, 181 So. 715; 31 Am. Jur., Judgments, Section 606, p. 201. ■■■ In a direct attack on a decree, it is of course competent to show that there was no service of process. Whitley v. Towle, supra.

In Stephens v. Moore, 214 Miss. 760, 59 So. 2d 846, the decree on its face showed that there was due process; but the affidavit to the bill of complaint was not sufficient to show the residence of the defendant. A certificate from the clerk, two years later, that he was unable to find any other affidavit, was held however to be insufficient, in a collateral attack to impeach the recitals of the decree.

■■■ While one certificate of the clerk to the transcript of the proceedings from the Florida court showed the filing of the suit at 11:12 A.M., May 5, 1955, and the service of process at 10:24 A.M. May 5, 1955, another certificate by him showed that the bill was filed prior to the issuance of the process, and that the process was subsequently served. It must be kept in mind that this is a collateral attack, and that it is not a case where there was no attempt at service at all. Hence the first contention against the invalidity of the decree is untenable.

On the second contention, the decree was not invalid by reason of the appellee's immunity from process. In 72 C. J. S., Process, Section 80 a (2), p. 1114, it is said: "It is the majority rule that suitors in attendance in a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court and for a reasonable time before and after in going to, and returning from court." This privilege of immunity is strictly personal. Consequently, "Since the immunity is personal in its nature,

service of civil process on one who is entitled to immunity from such service is not void; but merely voidable; and the immunity may be waived or lost by acts or omissions of a person otherwise entitled thereto.

"*Claiming privilege; delay.* · The privilege may be waived not only by failure to assert it at all, but also by failure to assert it promptly, or by failure to assert it in the proper manner; and in case of failure to assert the privilege promptly, it is immaterial whether or not the delay was an intentional act of bad faith, since its effect would be the same. The privilege must be claimed at as early a stage of the proceedings as possible; and failure to claim the privilege until after it is too late to obtain service of another summons, or until after verdict, or judgment against one otherwise entitled to the privilege, constitutes a waiver thereof * * *" 72 C. J. S., Process, Section 88 a, pp. 1124-25. See also 42 Am. Jur., Process, Section 156, p. 135.

■■ The appellee did not claim his privilege of immunity before or during the trial, and in fact has never claimed such privilege at the hands of the Florida court. Consequently he must be held to have waived the same.

But the appellee also contends that the facts and circumstances had been materially altered since the date of the hearings in Florida and the date of the hearing in Mississippi.

■■ The appellee knew that his daughter weighed forty-five pounds when she was taken away by her mother, and that the child weighed only thirty-two pounds when he regained her custody on June 15th. He must have been apprised at that time of his daughter's story that she had not been properly nourished, and that her mother had been guilty of adulterous conduct with E. L. Honeywell. Although he knew this, or at least should have known it, and the other suit was not tried until July 15, 1955, he did not submit this evidence to that court, but was content to ignore it completely. Thus

that judgment was conclusive of the facts and rights of the parties at the time it was rendered.

Amis in his Divorce and Separation in Mississippi, Section 227, pp. 308-10, says: "A decree or judgment awarding the custody of a child, whether on divorce, separate maintenance, or habeas corpus, is res judicata and conclusive of the facts, and the rights of the parties, existing at the time it was rendered. * * * And no court will modify or change the judgment or decree touching custody, so long as the facts remain substantially the same. * * * But in all cases where the facts and circumstances have materially altered the chancery court granting the divorce or separate maintenance, may on proper proceedings alter the decree or change the custody; and in all other cases where the facts and circumstances have materially changed, a new judgment may be rendered on habeas corpus." See also Watts v. Smylie, 116 Miss. 12, 76 So. 684; Campbell v. Campbell, 159 Miss. 708, 132 So. 324; McManus v. St. Dizier, 174 Miss. 344, 164 So. 407; Savell v. Savell, 49 So. 2d 726 (Miss.); Cassell v. Cassell, 211 Miss. 841, 52 So. 2d 918.

The only other change, according to the record, is that the appellant, on August 16, 1955, married Honeywell. A second marriage alone was not sufficient change to warrant the mother's loss of the custody of her daughter.

Thus it follows that the learned circuit judge was in error in failing to give full faith and credit to the judgment of July 15th and also in holding that there had been a material change in the circumstances. But for this error, he would of course have restored custody to the mother. Consequently the judgment of the trial court is reversed, and a judgment will be entered here, awarding custody to the appellant, under the terms of the Florida judgment.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.

ON SUGGESTION OF ERROR

GILLESPIE, J.

■ ■ We said in our opinion that on a collateral attack, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, including the proper service of process, whether there are recitals in the record to show them or not. Appellee contends in his suggestion of error that the stated rule applies only to domestic judgments, but not to foreign judgments. This contention is abstractly correct. The general rule is stated in 50 C. J. S., Sec. 893, pp. 502, et seq. However, this does not change the result of our decision. All that appeared to controvert jurisdiction of the Florida court was contained in the authenticated copy of the Florida proceedings which showed that service was had on the appellee at 10:24 A. M., May 5, 1955, and that the suit was filed at 11:12 A. M. the same day. If we disregard the other certificate of the Clerk of the Florida Court, which showed the suit was filed before service of process, the service was merely irregular which may have made it vulnerable on direct attack, but not on collateral attack. ■ ■ If appellee was personally served with process, and the record shows he was, no mere irregularity in the service of the process, unless so radical as to deprive it of all citatory effect, can be set up against the judgment when brought in question in another state. 50 C. J. S. 893 (e), p. 507; 31 Am. Jur., Judgments, Sec. 598, pp. 195, 196.

■ ■ Appellee also contends that he alleged that no process was served on him in connection with the Florida divorce proceedings, and that we should remand the case so that he may make proof to sustain that allegation. As much as we desire that litigants have the benefit of all facts that may be available bearing on a

case, successive appeals may not be allowed to enable a party to supply deficiencies in the proof of prior trials. The allegation that appellee was not served with process was an affirmative matter as to which appellee had the burden. He failed to offer any proof to sustain that contention. He had ample opportunity. ██ ██ There must be an end to litigation, and we would not be justified in remanding the case to enable appellee to seek avoidance of the Florida judgment on a ground that he abandoned when the suit was tried below.

Our opinion is modified to the extent herein indicated. Otherwise the suggestion of error is overruled.

Opinion modified. Suggestion of error otherwise overruled.

*McGehee, C. J., Hall, Lee* and *Ethridge, JJ.,* concur.