DOROTHY ELAINE RENO, APPELLANT *v.*
MAJOR W. RENO, APPELLEE

No. 43576 June 7, 1965 176 So. 2d 58

466

*Walker, Dillard & Baldwin,* Laurel, for appellant.

*Barnett, Montgomery, McClintock & Cunningham, W. E. Gore, Jr.,* Jackson; *Paul G. Swartzfager,* Laurel, for appellee.

PATTERSON, J.

This is a suit brought by Major W. Reno against his wife, Dorothy Elaine Reno, for divorce. It involves, in addition to divorce, a property settlement between the parties, the custody of a small child and support for the child. From an adverse decree Mrs. Reno files this appeal.

In order to understand the posture of the case, it is necessary that the pleadings and ruling thereon be set out somewhat in detail.

On September 28, 1963, Major W. Reno filed a suit for divorce against his wife on the grounds of habitual cruel and inhuman treatment. In this bill of complaint, in addition to allegations for divorce, he alleged that the child of the parties by adoption was presently residing with the defendant; that he had agreed that she have the custody of the child, a little girl then three years of age, and that he had made a property settlement with

his wife. To this bill of complaint Mrs. Reno filed a waiver of process and entered her appearance on October 4, 1963, and thereafter on October 21, 1963, filed an answer and cross-bill. The answer denied substantially the allegations of cruel and inhuman treatment as well as the averment of the bill of complaint as to the property settlement. The cross-bill alleged that it would be for the best interest of the child to be with the cross-complainant and prayed for custody of the child, separate support and maintenance for Mrs. Reno and the child as well as for a property settlement between complainant and the defendant since it was alleged that the properties of the parties were acquired by their joint efforts, and cross-complainant further prayed for attorneys' fees.

The husband filed his answer to the cross-bill and denied cruelty on his part. He denied that appellant was entitled to a division of money or property, alleging that the same was not acquired by their joint efforts, and he denied that the appellant was a fit and proper person to have the care and custody of the child due to her habitual use of alcoholic beverages and her neglect of the child. Mrs. Reno denied the affirmative matter set forth in the answer as to her unfitness to have the custody of the child, and she denied that the parties had a property settlement, and further averred the truth to be that since the separation of the parties in July 1963 that the complainant and cross-defendant has wholly failed to support either herself or their minor child to the date of the answer, the same being April 22, 1964.

After hearing on the pleadings as portrayed, the court entered a decree on April 30, 1964, a day of the regular term of court, awarding a decree of divorce to the complainant, Major W. Reno, and confirming a property settlement found by the court to have been made by the parties. The court further found and held as follows:

> The court further finds that there were no children born to this union, but there was legally adopted by

the parties one female child, namely, Sonja Elaine Reno, who is now approximately four years old, and the court further finds that both parties are heavy consumers of alcoholic beverages and the court is thereby taking the matter of the custody of this child into the custody of the Court and is withholding a final determination as to the custody due to the lack of sufficient evidence toward a decision (sic) as to the best interest of the child at this time, however, the court is temporarily awarding joint custody to the parties with the right of the complainant to have the child from the 15th to the 30th of each month and the defendant to have the child from the 15th to the 1st of each month and that the complainant be required to pay to the defendant for the support of the said child the sum of $25.00 for each two weeks period that the custody is in the defendant.

A decree was entered in accordance with the above findings which included an attorney's fee in the sum of $500.00.

On May 7, 1964, during the regular term the court granted an appeal to the appellant from the decree of April 30, 1964. This appeal was perfected. The following day of the regular term the court entered the following decree in the same cause, the pertinent portion thereof as follows:

This cause having been heretofore heard in open court on a day of the regular April, A. D., 1964 Term at which time a decree was entered whereby the court retained jurisdiction of the minor child Sonja Elaine Reno, approximately four years of age, but gave the temporary custody of the child to the complainant and the defendant as evidenced by the decree of this court and it now appearing to the court that circumstances have arisen whereby the court notified the attorneys for each party to appear before the court, which they did, and the court thereupon advised the

attorneys that it had come to the attention of the court that the defendant and cross-complainant Dorothy Elaine Reno had committed perjury inasmuch as she had testified on direct examination that she worked at Davis Grill and the court was informed that Mrs. Reno was not in fact working at the Davis Grill on that date, but stated that she had been employed on February 5, 1964, and that her employment there had ceased on April 22, 1964, and the Court thereupon stated that he was modifying and changing the decree heretofore mentioned in regards to the custody of the child and was finding that because of the heavy drinking of both parties that neither *party* was fit to have the custody of the child and that the custody of the child was being placed into the court and directing that the sheriff immediately and forthwith go to the address of the defendant and cross-complain- (sic) and Mrs. Reno in Jackson, Mississippi, and to take custody of the child and to deliver the custody of the child to the court.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Court shall modify and change the custody of the child as heretofore provided for in the decree heretofore entered in this cause and is taking the custody of the child into the court and retaining jurisdiction of said child and directing that the said child be forthwith delivered to the court.

SO ORDERED, ADJUDGED AND DECREED, on this the 8 day of May, A. D., 1964.

An appeal with supersedeas from the last order was denied, whereupon a petition for appeal with supersedeas and a writ of habeas corpus was filed in this Court on May 12, 1964, and after hearing, an order was entered granting supersedeas, and a fiat was issued to the Circuit Judge of the Second Judicial District of Jones County for a hearing on the petition for writ of habeas corpus. This hearing on habeas corpus culminated in an order

adjudicating that the custody of the minor remain with Mrs. Reno until the cause could be reviewed by this Court.

Appellant assigns as error on appeal to this Court, among numerous other assignments, the following:

(1) The Court erred in entering its decree of May 8, 1964, modifying the decree of April 30, 1964, as it had no jurisdiction in the cause having theretofore granted an appeal to this Court and such appeal had been perfected.

(2) The Court erred in finding that there was a property settlement between the parties as such was against the overwhelming weight of the evidence.

(3) The Court was manifestly wrong and erred in granting a divorce to the complainant as this was against the overwhelming weight of the evidence.

(4) The Court erred in dividing the custody of the child between the parties as the complainant did not seek the custody of the child and there was no finding on the part of the court that the mother was either immorally suited to have such custody or had abandoned the child.

The appellee has filed a motion to docket and dismiss the appeal and urges in support of the same that the appeal of May 7, 1964, was interlocutory and as such was improvidently granted.

 ██ ██ We first address ourselves to the motion to dismiss the appeal as being interlocutory and improvidently granted. We hold that the motion should be overruled as the decree appealed from is final inasmuch as it was determinative of all issues before the court from the evidence there introduced until the same was submitted to the court for consideration and decision. A decree as to the custody of a child is never final, in a sense, inasmuch as it is subject to modification and change, either in regular term or vacation upon changed circumstances or conditions subsequent to the decree,

but it is final and conclusive of the facts in evidence at the time it was rendered. See *Honeywell v. Aaron,* 228 Miss. 284, 87 So. 2d 562 (1956) as follows:

A decree or judgment awarding the custody of a child, whether on divorce, separate maintenance, or habeas corpus, is res judicata and conclusive of the facts, and the rights of the parties, existing at the time it was rendered. * * * And no court will modify or change the judgment or decree touching custody, so long as the facts remain substantially the same. * * * But in all cases where the facts and circumstances have materially altered the chancery court granting the divorce or separate maintenance, may on proper proceedings alter the decree or change the custody; and in all other cases where the facts and circumstances have materially changed, a new judgment may be rendered on habeas corpus. (87 So. 2d at 565).

See also *Cassell v. Cassell,* 211 Miss. 841, 52 So. 2d 918 (1951); *McManus v. St. Dizier,* 174 Miss. 344, 164 So. 407 (1935); *Campbell v. Campbell,* 159 Miss. 708, 132 So. 324 (1931); *Watts v. Smylie,* 116 Miss. 12, 76 So. 684 (1917); and Bunkley & Morse's Amis, *Divorce & Separation in Mississippi,* Section 8.14, at 227 (1957).

We are of the opinion in regard to the first assignment of error that the court had no jurisdiction to enter its order of May 8, 1964, which was subsequent to perfected appeal which the court had granted the preceding day. The appellee contends, however, that since the court was still in regular session, that the chancellor had the authority to change, recall, or set aside any order or decree for good cause at any time during the term in which it was made. He cites in support thereof Griffith, *Mississippi Chancery Practice* section 621, at 668 (2d ed. 1950); Perryman v. Gardner, 42 Miss. 542; and Hager v. Coburn, 150 Miss. 193, to the effect that the decree is in fieri during the term, but we are of the opinion that this authority and these cases are not in

point as the trial court divested itself of jurisdiction by granting the appeal and had no authority to proceed further once the appeal was perfected. See *Jennings v. Shapira,* 131 Miss. 596, 95 So. 305 (1923) as follows:

When an appeal has been granted to settle the principles of a case the court from which the appeal is taken is without power to proceed further with the trial thereof until the appeal has been disposed of. To hold otherwise would simply nullify the statutes granting the right to such an appeal. The decree rendered on the preliminary motion and that on its merits will both be reversed, and the cause remanded. (131 Miss. at 599).

To the same effect see *Turner v. Carter,* 159 Miss. 496, 132 So. 334 (1931), and *McDowell v. Minor,* 159 Miss. 572, 132 So. 565 (1931).

We hold that the court had no jurisdiction to enter the order subsequent to the appeal which, in addition to other things therein adjudicated, took the custody of the child from its mother and father and placed it in the care and custody of the court.

 ██ The next assignment of error, that the court erred in finding a property settlement between the parties, is well taken since it relates to the custody of a child and its future support. This relation extends to the property settlement as, in the absence of any provision for such support by the father, it must have been contemplated that the support of the minor was to be derived therefrom. Any agreement between the parties affecting the custody and future support of the child must have the approval of the court. See Bunkley & Morse's Amis, *Divorce & Separation in Mississippi,* Section 16.09, at 316-317 (1957) wherein it states:

Since no decree for divorce by consent may be granted, it is obvious that the only matters about which a consent decree may be rendered are alimony, suit money, attorney's fees, separate maintenance, and the

custody and support of children. Such matters, unlike mere property rights, are not wholly the subject of mere private contract, but are matters in which the public has an interest. It follows that any agreement in relation thereto must be approved by the court having jurisdiction of the cause. It has the power to accept or reject the same as a part of its decree.

The hearing on the merits was not an approval of the former agreement as it divided the custody of the child between the parties, whereas the property settlement contemplated the mother's having the custody of the child. The court, evidently realizing the inadequacy of the property agreement and the total failure of support by the father from the time of separation until the decree, over seven months, supplemented the agreement by directing the father to pay for the child's upkeep during the time it was with its mother.

██ █ Additionally the property agreement or settlement was void as being against the public policy of this state since the evidence, including the testimony of the father's witnesses who were called by the father as witnesses to the agreement, indicates beyond doubt that the mother was to get several items of personal property and "the baby." Though no reference to authority is necessary, we cite Bunkley & Morse's Amise, *Divorce & Separation in Mississippi,* Section 8.01, at 211 (1957) wherein it states:

> Children are not chattels, nor can any person have any property right or proprietary interest therein. The relationship of parent and child is not for the benefit of the parent, but of the child. He or she is a citizen in whose proper care and training the public has an interest.

The custody of a child is not subject to being traded, or possession granted or withheld as if it were a chattel, and neither is its custody subject to being used as a lever to gain a favorable bargaining position as to the

division of property between the parents. We hold, therefore, that the property agreement was void.

 ██ We are of the further opinion that the court erred in granting a divorce to the appellee. We are, of course, aware of the numerous decisions of this Court which hold that disputed issues of fact will not be disturbed by this Court on appeal unless it appears that the chancellor's findings are manifestly wrong; however, we are of the opinion that the rule is not here applicable as the complainant's testimony is so intrinsically weak and is uncorroborated to the extent that we are of the opinion that a divorce should not have been rendered thereon. No purpose would be served by detailing further the evidence relating to the turbulent domestic difficulties of these parties, and certainly neither party was without fault. We do hold, however, that the evidence here is so weak and the rights of property, alimony and support for the child are so intertwined with the basic issue of divorce that the ends of justice require the decree of divorce to be set aside and a new trial directed.

 █ We do not reach the fourth assignment of error dividing the custody of the child between the parents since the cause must be remanded for the errors mentioned above. This remand should include a hearing as to the custody of the child and as to its support, and such hearing should encompass the present needs of the child in view of any change in the circumstances, if any there be, since the former trial. Since there is a possibility of the child's custody being taken from its parents on rehearing, we think it advisable to state that such is an extreme remedy and should be resorted to with utmost caution and then only after hearing with due notice, the paramount duty of the court at all times being to do that which is for the best interest of the child. See *McIntosh v. Meyer*, 243 Miss. 596, 139 So. 2d 368 (1962) and *Mahaffey v. Mahaffey*, 176 Miss. 733, 170 So. 289 (1936).

Motion being filed herein by the appellant's attorneys for a fee in connection with this appeal we hereby sustain the same and award a fee in the sum of $250.00 to the appellant's attorneys, the same being one-half of the amount awarded by the trial court.

Reversed and remanded and motion to dismiss overruled.

*Lee, C. J., and Rodgers, Jones and Smith, JJ.,* concur.