HAWKINS, Justice,
for the Court:
This is an appeal from the Chancery Court of Lincoln County. The complainant-appellant Lois Ruth Wilson and the defendant-appellee Larry Joe Wilson married December 13, 1972. At the time of the marriage he was divorced, and the father of five children from the previous marriage. His former wife had custody of the children, but later Wilson gained custody of three of the children, who lived in the home of Wilson and their step-mother, Mrs. Wilson.
When the parties married, Wilson was in the Military Service, and during their marriage they lived at various places, including Germany.
The parties moved to Lincoln County, Mississippi, Wilson’s home, in August 1975. Their child, Cheryl Marie Wilson was born January 28, 1977. On February 3, 1978, Mrs. Wilson separated from her husband. She and their infant were carried to Jackson by the aunt and uncle of Wilson, a Paul and Mrs. Dora May Hall. Mrs. Wilson and the infant went to the home of her mother and step-father in the State of Washington. While she was in the State of Washington with the infant, Wilson made a trip in March attempting reconciliation. Also, there were telephone calls between the parties. In April 1978 Wilson returned to the State of Washington with a man he could only identify as “B. J.”, who he had picked up apparently as a hitchhiker on his first trip.
On April 10, 1978, Wilson forcibly took the child away from Mrs. Wilson in the State of Washington, and with B. J. driving, departed. Mrs. Wilson did not see her child again until October 1, 1979.
Upon returning to Mississippi, Wilson employed an attorney to file a petition on his behalf for legal custody of the infant, but did not pursue the matter.
Mrs. Wilson came to Mississippi, and on April 25, 1978, filed her original bill of complaint for divorce. In her bill of complaint, Mrs. Wilson prayed for temporary care and custody of their child, temporary alimony, temporary child support, temporary attorney’s fees, and other relief. Mrs. Wilson in her bill also asked for an absolute divorce, permanent care and custody of their child, permanent child support and alimony, and other permanent relief as to their property. The defendant was personally served with two summons, one requiring him to appear on the 2nd day of May 1978 at the regular term of the Chancery Court of Lincoln County to plead to the bill of complaint of Mrs. Wilson, and the other to appear on the same date and answer the complainant’s complaint for temporary child support, temporary alimony, temporary attorney’s fees and the immediate award of any personal effects belonging exclusively to the complainant. Both summons were personally served upon the defendant on April 26, 1978. The defendant failed to make any appearance whatever (deciding to leave the state as hereinafter set forth), and on May 19, 1978, the chancery court rendered a Temporary Decree and Writ reciting that personal service had been had upon the defendant and that both parties in the cause were represented by counsel on the first day of the term. The decree further recited that the defendant “has wholly defaulted and did not appear and the whereabouts of Cheryl Marie Wilson are unknown at this time.” [1]
*1133 On the 28th day of August 1978, with Wilson and the infant still absent from the state, the cause came on for hearing upon the permanent relief prayed for by Mrs. Wilson in her bill, and evidence was taken in open court, after which the court found and adjudicated that the court had jurisdiction of complainant and the defendant, their minor child Cheryl Marie Wilson, and subject matter. The decree went on to recite that the defendant had wholly defaulted, and after hearing evidence the court found that the complainant was entitled to a divorce absolute of and from the defendant on the grounds of habitual cruel and inhuman treatment and she was granted a divorce. The decree further recited that Mrs. Wilson was entitled to the immediate permanent care and custody of their child Cheryl Marie Wilson. The decree also directed the Sheriff of Lincoln County and any other sheriff in Mississippi to take custody of the child upon locating it, and enlisted the assistance of the welfare department.[2]
On April 28, following personal service of process upon him April 26, Wilson met a Miss Judith Rose Sullivan in a restaurant in Franklin County. Miss Sullivan as it developed was pregnant at the time with a child born October 16, 1978. Wilson discussed the proposition of hiring her to take care of the infant Cheryl, to which she agreed later that day, and she started taking care of her April 29. Either on April 29 or 30, Wilson and Miss Sullivan departed to Mobile, where they lived together in a trailer, and were married September 23, 1978. They returned to Lincoln County, Mississippi, in October 1978, and apparently remained there until the hearing on October 1, 1979.
Wilson’s mother was present in the chancery court proceedings on May 19 and 28, 1978. Mrs. Eula Mae Kimble, his sister, was present at the May 19 hearing, and on August 28 was asked the whereabouts of her brother by Mrs. Wilson. No information was forthcoming from Mrs. Kimble following the inquiry.
*1134 Wilson, following the separation, also forged his wife’s name to some insurance proceeds checks from a fire loss. He pleaded guilty to uttering forgery in the Circuit Court of Lincoln County.
On March 15, 1979, Mrs. Wilson, in the State of Washington, executed a motion to cite Wilson for contempt. This motion was not filed, however, until September 21, 1979, and on that date the chancellor issued his fiat directing process for the defendant returnable to September 27, 1979. The motion recited that Wilson had failed to surrender the care and custody of the child to complainant, had kept his whereabouts and the whereabouts of the child hidden from Mrs. Wilson and the legal authorities of Lincoln County. An amended motion was filed on September 27, repeating essentially the first motion and asking for a re-setting of the cause beyond September 27, and for the immediate custody of the child.
Wilson filed an Answer and Cross-Petition alleging a material change of circumstances and for the Court to award him the permanent care, custody and control of Cheryl Marie Wilson. Mrs. Wilson filed an Answer to this Cross-Petition.
The cause came on for hearing at 1:30 o’clock in the afternoon of October 1, 1979. The Court found Wilson was in contempt of its prior decree, and then proceeded to hear the petition for modification of the final decree.
In his petition for a modification of the final decree, Wilson alleged a material change of circumstances following the decree consisting of (a) abandonment, by Mrs. Wilson of the infant, (b) an unnatural relationship between Mrs. Wilson and her stepfather, and (c) the remarriage of Wilson to Miss Sullivan.
At the outset of the hearing, counsel for Mrs. Wilson moved to exclude any evidence concerning any alleged conduct of the parties prior to the divorce decree of August 28, 1978, but the court under reserved ruling heard testimony from Wilson that some time in 1973 Mrs. Wilson had informed him she had previously engaged in a sexual episode with her step-father.
At the conclusion of the hearing the chancellor held there had been a material change in circumstances and awarded custody of the infant Cheryl to Wilson.
Mrs. Wilson appeals from the decree of October 1, 1979, awarding custody of the child to her husband.
Following rendition of the decree, counsel for Mrs. Wilson filed a “Motion to Allow Appeal from Interlocutory Order or Decree,” which was sustained by the chancellor entering an order, or decree, allowing an interlocutory appeal on October 1, 1979. This Court is of the opinion the appeal is not interlocutory, however, and that in fact the decree rendered by the court on October 1, 1979, following an evidentiary hearing is a final decree, as final as a decree can get in a child custody case. There would be some question of jurisdiction of this Court were this an interlocutory appeal. Seaney v. Seaney, 218 So.2d 5 (Miss.1969).
The chancellor was in error in hearing and considering the alleged statement Mrs. Wilson made to her husband in 1973 concerning the purported episode with her step-father. This would constitute reversible error. Honeywell v. Aaron, 228 Miss. 284, 87 So.2d 562 (1956); McManus v. St Dizier, 174 Miss. 344, 164 So. 407 (1935).
In view of the magnitude of this case, however, involving as it does a small child, this Court must state further that in its opinion there were no material changes shown at the evidentiary hearing justifying any custodial alteration of the solemn decrees theretofore entered awarding custody of this child to Mrs. Wilson.
As to that portion of the opinion that charges Mrs. Wilson had not done everything she could to locate her child, the record reflects she hired an excellent local attorney, she made inquiry of her husband’s sister, made a trip to Mississippi with her step-father in December 1978, and in March 1979 executed a motion to cite her husband for contempt. She testified she had written two senators, had hired a detective, and had spent over $20,000 to locate her child. Her *1135 husband evaded the chancery court and absconded with the child. She lived 2,800 miles away. All of her husband's people and friends lived in Lincoln County. Her inquiries were met with silence or deceit.
This Court can also understand how a mother who has been deprived of her child for a year and a half, is in a strange territory, might not comport herself as an otherwise normal person would. It would not be surprising if under these circumstances Mrs. Wilson was on the verge of a nervous breakdown.
Finally, we agree a change will be made in this child's life. But, who is to say anything is greater than the love of a natural mother for her child? There is nothing in this record to suggest Mrs. Wilson is an unfit or improper person to have the custody of the only child she has.
Without further laboring this opinion, this Court finds there was no proof of any material change justifying a modification of the final decree of August 28, 1978, and the case should be reversed and rendered with reinstatement of the August 28, 1978, decree of the Chancery Court of Lincoln County.
REVERSED AND RENDERED WITH REINSTATEMENT OF THE CHANCELLOR'S DECREE OF AUGUST 28, 1978.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
PATTERSON, C. J., took no part.
BROOM, J., and SMITH, P. J., and SUGG, J., specially concur.

. The pertinent portions of the Decree of the Chancery Court of May 19, 1978, recites the following:
* * * * * *
4. That Lois Ruth Wilson is entitled to the immediate temporary care and custody of Cheryl Marie Wilson and this decree shall serve as a Writ to the Sheriff of Lincoln County, Mississippi, or to any Sheriff of any county within the State of Mississippi where the said Larry Joe Wilson and Cheryl Marie Wilson may be located, to immediately take custody of Cheryl Marie Wilson and to deliver said child to Lois Ruth Wilson, if she is still within the State of Mississippi, or to deliver said child into the care of the Lincoln *1133 County Welfare Department, who shall immediately notify complainant’s attorney, Donald B. Patterson, that said child is in their care and said welfare department shall deliver said child to complainant, Lois Ruth Wilson.
5. That the Sheriff of Lincoln County, Mississippi, or any other Sheriff within the State of Mississippi, who takes said child under the terms of this Decree and Writ, shall serve a copy of said Decree and Writ upon the defendant Larry Joe Wilson, and shall make return of same to this Court in the manner provided by law.
% $ sj« sfc $
8. That this cause is set for hearing on permanent relief sought by the Bill of Complaint on August 28, 1978, at 9:30 A.M. at the Courthouse in Brookhaven, Lincoln County, Mississippi.
SO ORDERED, ADJUDGED AND DECREED this the 19th day of May, A.D. 1978.

. The pertinent parts of the Final Decree rendered by the chancellor on August 28, 1978, are as follows:
% sfc # $ * *
(b) That Lois Ruth Wilson is entitled to the immediate permanent care and custody of Cheryl Marie Wilson and that this Decree shall serve as a writ to the Sheriff of Lincoln County, Mississippi, or to any Sheriff of any county within the State of Mississippi where the said Larry Joe Wilson and Cheryl Marie Wilson may be located, to immediately take custody of Cheryl Marie Wilson and to deliver said child to Lois Ruth Wilson, if she is still within the State of Mississippi, or to deliver said child into the care of the Lincoln County Welfare Department, who shall immediately notify Complainant’s attorney, Donald B. Patterson, that said child is in their care and said welfare department shall deliver said child to Complainant, Lois Ruth Wilson.
(c) That the Sheriff of Lincoln County, Mississippi, or any other Sheriff within the State of Mississippi, who takes said child under the terms of this Decree and writ, shall serve a copy of said Decree and writ upon the Defendant Larry Joe Wilson, and shall make return of same to this Court in the manner provided by law.
* * * * * *
(h) That defendant, Larry Joe Wilson, be, and he is hereby granted reasonable visitation rights with the parties’ minor child, Cheryl Marie Wilson, at the complainant’s place of residence.
* * # # * *
4. That all costs herein be, and the same are, hereby taxed against the Defendant. SO ORDERED, ADJUDGED AND DECREED, this the 28th day of August, A.D. 1978.