# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00747-COA

**THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF NANCY JEWEL PIERCE EDWARDS AND JOHNNY JEROME EDWARDS:**

**JOHNNY JEROME EDWARDS**                                   **APPELLANT**

**v.**

**NANCY JEWEL PIERCE EDWARDS**                              **APPELLEE**

DATE OF JUDGMENT:                12/20/2013
TRIAL JUDGE:                     HON. KENNETH M. BURNS
COURT FROM WHICH APPEALED:       LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:          BO ROLAND
ATTORNEYS FOR APPELLEE:          CARRIE A. JOURDAN
                                 SCOTT WINSTON COLOM
NATURE OF THE CASE:              CIVIL - CUSTODY
TRIAL COURT DISPOSITION:         GRANTED DIVORCE; AWARDED
                                 CUSTODY OF CHILDREN TO MOTHER
DISPOSITION:                     AFFIRMED - 05/03/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    After they filed a joint complaint for an irreconcilable differences divorce, Nancy and Johnny Edwards submitted the issue of the custody of their three boys to the chancery court. Nancy prevailed, and Johnny appeals, raising two issues relating to the chancellor's application of the familiar *Albright* factors.[1] We find no error and affirm.

---

[1] *Albright v. Albright*, 437 So. 2d 1003 (Miss. 1983).

## STANDARD OF REVIEW

¶2.     This Court employs a limited standard of review in appeals from chancery court. *Corp. Mgmt. v. Greene County*, 23 So. 3d 454, 459 (¶11) (Miss. 2009). "In a case disputing child custody, the chancellor's findings will not be reversed unless manifestly wrong, clearly erroneous, or the proper legal standard was not applied." *Mabus v. Mabus*, 847 So. 2d 815, 818 (¶8) (Miss. 2003).

¶3.     In appeals from child-custody decisions, our polestar consideration, like the chancellor's, must be the best interest of the child. *Montgomery v. Montgomery*, 20 So. 3d 39, 42 (¶9) (Miss. Ct. App. 2009) (citing *Hensarling v. Hensarling*, 824 So. 2d 583, 587 (¶8) (Miss. 2002)). "So long as there is substantial evidence in the record that, if found credible by the chancellor, would provide support for the chancellor's decision, this Court may not intercede simply to substitute our collective opinion for that of the chancellor." *Hammers v. Hammers*, 890 So. 2d 944, 950 (¶14) (Miss. Ct. App. 2004) (quoting *Bower v. Bower*, 758 So. 2d 405, 412 (¶33) (Miss. 2000)).

## DISCUSSION

### 1. Procedural Bars

¶4.     As a threshold issue, Nancy contends that Johnny's issues are barred on appeal because he did not raise them in a motion for a new trial. But Johnny did make a motion for a new trial, where he contended that the chancellor erred in giving Nancy custody of the children. This was adequate to preserve the issue for appeal. *See Lee v. Lee*, 78 So. 3d 326, 328-29 (¶9) (Miss. 2012). Also, because this case was tried to the court, to the extent that

Johnny challenges the sufficiency of the evidence, no posttrial motion was required to preserve the issues for appeal. *See* M.R.C.P. 52(b).

### 2. *Albright* Factors

¶5. Johnny presents what he styles two issues on appeal, but both essentially argue the same point: Johnny contends that the chancellor erred in considering circumstances outside Johnny's control on the question of continuity of care.

¶6. In *Albright*, our supreme court held that the best interest of the child must control in all custody decisions, and this principle has been adopted by the Legislature in Mississippi Code Annotated section 93-5-24 (Rev. 2013). In determining the best interest of the child in custody disputes, it is the court's duty to consider that the relationship of parent and child is for the benefit of the child, not the parent. *See Reno v. Reno*, 253 Miss. 465, 475, 176 So. 2d 58, 62 (1965) (citing J.W. Bunkley Jr. & W.E. Morse, *Bunkley and Morse's Amis on Divorce and Separation in Mississippi* § 8.01 (2d ed. 1957)).

¶7. To determine where the child's best interest lies, chancellors must consider the following factors when evaluating the fitness of each parent: (1) age, health, and sex of the children; (2) continuity of care; (3) parenting skills and the willingness and capacity to provide primary child care; (4) employment responsibilities of the parents; (5) physical and mental health and age of the parents; (6) moral fitness of the parents; (7) emotional ties of the parents and children; (8) home, school, and community records of the children; (9) preference of children twelve years of age or older; (10) stability of the home environment and employment of each parent; and (11) other relevant factors in the parent-child

relationship. *Albright*, 437 So. 2d at 1005.

¶8. The chancellor is required to address each of the *Albright* factors that is applicable to the case before him. *See Powell v. Ayars*, 792 So. 2d 240, 244 (¶10) (Miss. 2001). However, he need not decide that every factor favors one parent over the other. *See Weeks v. Weeks*, 989 So. 2d 408, 411 (¶12) (Miss. Ct. App. 2008). Nor is *Albright* a mathematical formula where custody must be awarded to the parent who "wins" the most factors. *Lee v. Lee*, 798 So. 2d 1284, 1288 (¶15) (Miss. 2001). Instead, the *Albright* factors exist to ensure the chancellor considers all the relevant facts relating to the child's best interest. "All the factors are important, but the chancellor has the ultimate discretion to weigh the evidence the way he sees fit." *Johnson v. Gray*, 859 So. 2d 1006, 1013-14 (¶36) (Miss. 2003).

¶9. In a written opinion, the chancellor discussed each of the *Albright* factors. He found that the sex of the children – all three were male – favored Johnny. Continuity of care "slightly" favored Nancy because, although the parents had shared responsibilities prior to the separation, she had physical custody of the children for more than a year prior to the judgment. Parenting skills and employment responsibilities also favored Nancy, while the stability of the home favored Johnny, as Nancy had moved several times after the separation. The chancellor found that, on the whole, it was in the children's best interest to remain with Nancy, though the parents would share joint legal custody.

¶10. Johnny argues on appeal that the chancellor erred in analyzing the continuity of care factor – specifically, he contends that Nancy had an unfair advantage based on a temporary order from an Alabama court. Johnny contends that the Alabama court had no jurisdiction

to enter the order. He also faults Nancy for denying him visitation during the summer of 2013.

¶11.   We find no merit to these contentions. It is true that the original articulation of the *Albright* factors directed the chancery court to consider the continuity of care *prior* to separation. *See Albright*, 437 So. 2d at 1005. But the supreme court has since held that care after separation must be considered as well. *Copeland v. Copeland*, 904 So. 2d 1066, 1076 (¶39) (Miss. 2004) (citing *Jerome v. Stroud*, 689 So. 2d 755, 757 (Miss. 1997)).

¶12.   The chancellor recited the relevant facts and rendered a rational decision on this factor. He found:

> Both parties cared for the children until their separation in 2010. Nancy testified that she had helped the boys with their homework, transported them to school, and cleaned the house. Johnny testified that he had cooked the meals, washed the clothes, and cleaned the home. Each party argued that he or she had been the primary caregiver. Since their separation, Jalen and Jorden lived with their father for two years and in 2012 began living with their mother. Jonivan has lived with Nancy since 2010. It seems that each party has been the primary caregiver for the children at different times. Most recently, Nancy has had the continuity of care. This factor slightly favors Nancy.

¶13.   Johnny's argument regarding the summer of 2013 is simply undeveloped in the record; he seems to base it entirely on assertions made in pleadings rather than evidence submitted at trial. And even if the custody situation prior to trial was the result of an unfair ruling from another court,[2] the Mississippi chancery court entered an order giving Nancy temporary custody more than a year prior to trial. Also, the fact remains that Nancy had de facto care of the children for a significant period of time prior to trial, regardless of whether

---

[2] It is not clear exactly what occurred in the Alabama court, other than that it eventually ceded jurisdiction to Mississippi.

the way this came about was fair to Johnny or not. The *Albright* analysis is, after all, intended to guide the determination of what is in the best interest of the children, rather than what is fair to the parents. *See Reno*, 253 Miss. at 475, 176 So. 2d at 62. We find that the chancellor both accurately and fairly weighed the evidence on this factor.

¶14. Moreover, assuming that continuity of care was neutral or even slightly favored Johnny, it would not necessarily follow that reversible error would result. The chancellor assigned great weight to the facts that Nancy had the better parenting skills and that the respective employment situations favored Nancy, as a school teacher, over Johnny, a truck driver. The chancellor decides how to weigh the *Albright* factors. *See Johnson*, 859 So. 2d at 1013-14 (¶36). Parenting skills and employment responsibilities were, in this case, very important factors, and the chancellor's reliance on them in awarding custody to Nancy was not an abuse of discretion.

¶15. **THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**